78,911-02

# APPENDIX H
## Sources of Legal Support

Below is a short list of other organizations working on prison issues, mainly with a legal focus. When writing to these groups, please remember a few things:

❑ Write simply and specifically, but don't try and write like you think a lawyer would. Be direct in explaining yourself and what you are looking for.
❑ It is best not to send any legal documents unless they are requested. If or when you do send legal documents, **only send copies**. Hold on to your original paperwork.
❑ Because of rulings like the PLRA and limited funding, many organizations are small, have limited resources and volunteer staff. It may take some time for them to answer your letters. But always keep writing.

**Please note**: The contact information for these resources is current as of the printing of this Handbook in 2011.

---

**Do not send money for publications unless you have verified the address of the organization first.**

---

**Aid to Children of Imprisoned Mothers, Inc.**
906 Ralph David Abernathy Blvd. SW
Atlanta, GA 30310
Information for incarcerated mothers.

**American Civil Liberties Union National Office**
125 Broad Street, 18th Floor, New York, NY 10004
The biggest civil liberties organization in the country. They have a National Prison Project and a Reproductive Freedom Project, which might be helpful to women prisoners. Write them for information about individual chapters. See Appendix J for some of their publications for people in prison.

**American Friends Service Committee Criminal Justice Program – National**
1501 Cherry Street, Philadelphia PA, 19102
Human and civil rights issues, research/analysis, women prisoners, prisoner support.

**California Prison Focus**
1904 Franklin St., Suite 507, Oakland, CA 94612
Publish a quarterly magazine, *Prison Focus*, and other publications. Focuses organizing efforts on CA and on SHU conditions.

**Center for Constitutional Rights**
666 Broadway, 7th floor, New York, NY 10012

Legal organization that brings impact cases around prison conditions, co-publisher of this handbook.

**Criminal Justice Policy Coalition**
15 Barbara St., Jamaica Plain, MA 02130
Involved in policy work around numerous prison issues.

**Critical Resistance, National Office**
1904 Franklin St., Suite 504, Oakland, CA 94612
Uniting people in prison, former prisoners, and family members to lead a movement to abolish prisons, policing, surveillance, and other forms of control.

**Family and Corrections Network**
32 Oak Grove Road, Palmyra, VA 22963

**Federal Resource Center for Children of Prisoners**
Child Welfare League of America
1726 M St. NW, Suite 500, Washington, DC, 20036

**Friends and Families of Incarcerated Persons**
PO Box 93601, Las Vegas, NV, 89193
Legal resources for friends and families of prisoners.

**Human Rights Watch Prison Project**
350 5th Ave. 34th Floor New York NY 10118-3299
National organization dedicated to research, analysis, and publicizing human rights violations, and working towards stopping them.

**Immigration Equality, Inc.** *(only for lesbian, gay, bisexual, transgender, and HIV + immigrants)*
40 Exchange Place, 17th Floor, New York, NY 10005

**Lambda Legal** (only for gay, lesbian, bisexual, transgender, & HIV+ people)
120 Wall Street, Suite 1500, New York, NY 10005-3904
English, Spanish

**Legal Publications in Spanish, Inc.**
**Publicaciones Legales en Espanol, Inc.**
PO Box 623, Palisades Park, NJ 07650
Legal resources in Spanish, focusing mostly on criminal defense and federal courts.

**Legal Services for Prisoners with Children**
1540 Market St., Suite 490, San Francisco, CA 94102
Legal resources and issues around women in prison, including guides and manuals for people in prison with children.

**National Center for Lesbian Rights** *(only for gay, lesbian, bisexual, and transgender people)*
870 Market St. Ste. 370, San Francisco, CA 94102
English, Spanish

**National Clearinghouse for the Defense of Battered Women**
125 South 9th Street #302, Philadelphia, PA 19107
Legal and other assistance for battered women

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 29 2015
Abel Acosta, Clerk

**Article 18.**
Everyone has the right to freedom of thought, conscience and religion; this right includes freedom to change his religion or belief, and freedom, either alone or in community with others and in public or private, to manifest his religion or belief in teaching, practice, worship and observance.

**Article 19.**
Everyone has the right to freedom of opinion and expression; this right includes freedom to hold opinions without interference and to seek, receive and impart information and ideas through any media and regardless of frontiers.

**Article 20.**
(1) Everyone has the right to freedom of peaceful assembly and association.
(2) No one may be compelled to belong to an association.

**Article 21.**
(1) Everyone has the right to take part in the government of his country, directly or through freely chosen representatives.
(2) Everyone has the right of equal access to public service in his country.
(3) The will of the people shall be the basis of the authority of government; this will shall be expressed in periodic and genuine elections which shall be by universal and equal suffrage and shall be held by secret vote or by equivalent free voting procedures.

**Article 22.**
Everyone, as a member of society, has the right to social security and is entitled to realization, through national effort and international co-operation and in accordance with the organization and resources of each State, of the economic, social and cultural rights indispensable for his dignity and the free development of his personality.

**Article 23.**
(1) Everyone has the right to work, to free choice of employment, to just and favourable conditions of work and to protection against unemployment.
(2) Everyone, without any discrimination, has the right to equal pay for equal work.
(3) Everyone who works has the right to just and favourable remuneration ensuring for himself and his family an existence worthy of human dignity, and supplemented, if necessary, by other means of social protection.
(4) Everyone has the right to form and to join trade unions for the protection of his interests.

**Article 24.**
Everyone has the right to rest and leisure, including reasonable limitation of working hours and periodic holidays with pay.

**Article 25.**
(1) Everyone has the right to a standard of living adequate for the health and well-being of himself and of his family, including food, clothing, housing and medical care and necessary social services, and the right to security in the event of unemployment, sickness, disability, widowhood, old age or other lack of livelihood in circumstances beyond his control.
(2) Motherhood and childhood are entitled to special care and assistance. All children, whether born in or out of wedlock, shall enjoy the same social protection.

**Article 26.**
(1) Everyone has the right to education. Education shall be free, at least in the elementary and fundamental stages. Elementary education shall be compulsory. Technical and professional education shall be made generally available and higher education shall be equally accessible to all on the basis of merit.
(2) Education shall be directed to the full development of the human personality and to the strengthening of respect for human rights and fundamental freedoms. It shall promote understanding, tolerance and friendship among all nations, racial or religious groups, and shall further the activities of the United Nations for the maintenance of peace.
(3) Parents have a prior right to choose the kind of education that shall be given to their children.

**Article 27.**
(1) Everyone has the right freely to participate in the cultural life of the community, to enjoy the arts and to share in scientific advancement and its benefits.
(2) Everyone has the right to the protection of the moral and material interests resulting from any scientific, literary or artistic production of which he is the author.

**Article 28.**
Everyone is entitled to a social and international order in which the rights and freedoms set forth in this Declaration can be fully realized.

**Article 29.**
(1) Everyone has duties to the community in which alone the free and full development of his personality is possible.
(2) In the exercise of his rights and freedoms, everyone shall be subject only to such limitations as are determined by law solely for the purpose of securing due recognition and respect for the rights and freedoms of others and of meeting the just requirements of morality, public order and the general welfare in a democratic society.
(3) These rights and freedoms may in no case be exercised contrary to the purposes and principles of the United Nations.

**Article 30.**
Nothing in this Declaration may be interpreted as implying for any State, group or person any right to engage in any activity or to perform any act aimed at the destruction of any of the rights and freedoms set forth herein.

Now, Therefore THE GENERAL ASSEMBLY proclaims THIS UNIVERSAL DECLARATION OF HUMAN RIGHTS as a common standard of achievement for all peoples and all nations, to the end that every individual and every organ of society, keeping this Declaration constantly in mind, shall strive by teaching and education to promote respect for these rights and freedoms and by progressive measures, national and international, to secure their universal and effective recognition and observance, both among the peoples of Member States themselves and among the peoples of territories under their jurisdiction.

### Article 1.
All human beings are born free and equal in dignity and rights. They are endowed with reason and conscience and should act towards one another in a spirit of brotherhood.

### Article 2.
Everyone is entitled to all the rights and freedoms set forth in this Declaration, without distinction of any kind, such as race, colour, sex, language, religion, political or other opinion, national or social origin, property, birth or other status. Furthermore, no distinction shall be made on the basis of the political, jurisdictional or international status of the country or territory to which a person belongs, whether it be independent, trust, non-self-governing or under any other limitation of sovereignty.

### Article 3.
Everyone has the right to life, liberty and security of person.

### Article 4.
No one shall be held in slavery or servitude; slavery and the slave trade shall be prohibited in all their forms.

### Article 5.
No one shall be subjected to torture or to cruel, inhuman or degrading treatment or punishment.

### Article 6.
Everyone has the right to recognition everywhere as a person before the law.

### Article 7.
All are equal before the law and are entitled without any discrimination to equal protection of the law. All are entitled to equal protection against any discrimination in violation of this Declaration and against any incitement to such discrimination.

### Article 8.
Everyone has the right to an effective remedy by the competent national tribunals for acts violating the fundamental rights granted him by the constitution or by law.

### Article 9.
No one shall be subjected to arbitrary arrest, detention or exile.

### Article 10.
Everyone is entitled in full equality to a fair and public hearing by an independent and impartial tribunal, in the determination of his rights and obligations and of any criminal charge against him.

### Article 11.
(1) Everyone charged with a penal offence has the right to be presumed innocent until proved guilty according to law in a public trial at which he has had all the guarantees necessary for his defence.
(2) No one shall be held guilty of any penal offence on account of any act or omission which did not constitute a penal offence, under national or international law, at the time when it was committed. Nor shall a heavier penalty be imposed than the one that was applicable at the time the penal offence was committed.

### Article 12.
No one shall be subjected to arbitrary interference with his privacy, family, home or correspondence, nor to attacks upon his honour and reputation. Everyone has the right to the protection of the law against such interference or attacks.

### Article 13.
(1) Everyone has the right to freedom of movement and residence within the borders of each state.
(2) Everyone has the right to leave any country, including his own, and to return to his country.

### Article 14.
(1) Everyone has the right to seek and to enjoy in other countries asylum from persecution.
(2) This right may not be invoked in the case of prosecutions genuinely arising from non-political crimes or from acts contrary to the purposes and principles of the United Nations.

### Article 15.
(1) Everyone has the right to a nationality.
(2) No one shall be arbitrarily deprived of his nationality nor denied the right to change his nationality.

### Article 16.
(1) Men and women of full age, without any limitation due to race, nationality or religion, have the right to marry and to found a family. They are entitled to equal rights as to marriage, during marriage and at its dissolution.
(2) Marriage shall be entered into only with the free and full consent of the intending spouses.
(3) The family is the natural and fundamental group unit of society and is entitled to protection by society and the State.

### Article 17.
(1) Everyone has the right to own property alone as well as in association with others.
(2) No one shall be arbitrarily deprived of his property.

title or description given by the court; and (9) the term "relief" means all relief in any form that may be granted or approved by the court, and includes consent decrees but does not include private settlement agreements.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES, WAIVER OF REPLY, MENTAL & EMOTIONAL INJURY, ATTORNEYS FEES

**42 U.S.C. § 1997e**
**(a). Applicability of administrative remedies.**
No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
**(b) Failure of State to adopt or adhere to administrative grievance procedure**
The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title.
**(c) Dismissal.**
   (1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.
   (2) In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.
**(d) Attorney's fees.**
   (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 2 of the Revised Statutes of the United States (42 U.S.C. 1988), such fees shall not be awarded, except to the extent that--
   (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 2 [722] of the Revised Statutes; and
   (B)
      (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
      (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
   (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

   (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of title 18, United States Code, for payment of court-appointed counsel.
   (4) Nothing in this subsection shall prohibit a prisoner from entering into an agreement to pay an attorney's fee in an amount greater than the amount authorized under this subsection, if the fee is paid by the individual rather than by the defendant pursuant to section 2 [722] of the Revised Statutes of the United States (42 U.S.C. 1988).
**(e) Limitation on recovery.** No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

# APPENDIX G
## Universal Declaration of Human Rights

**PREAMBLE**
Whereas recognition of the inherent dignity and of the equal and inalienable rights of all members of the human family is the foundation of freedom, justice and peace in the world,

Whereas disregard and contempt for human rights have resulted in barbarous acts which have outraged the conscience of mankind, and the advent of a world in which human beings shall enjoy freedom of speech and belief and freedom from fear and want has been proclaimed as the highest aspiration of the common people,

Whereas it is essential, if man is not to be compelled to have recourse, as a last resort, to rebellion against tyranny and oppression, that human rights should be protected by the rule of law,

Whereas it is essential to promote the development of friendly relations between nations,

Whereas the peoples of the United Nations have in the Charter reaffirmed their faith in fundamental human rights, in the dignity and worth of the human person and in the equal rights of men and women and have determined to promote social progress and better standards of life in larger freedom,

Whereas Member States have pledged themselves to achieve, in co-operation with the United Nations, the promotion of universal respect for and observance of human rights and fundamental freedoms,

Whereas a common understanding of these rights and freedoms is of the greatest importance for the full realization of this pledge,

other than the reinstatement of the civil proceeding that the agreement settled. (B) Nothing in this section shall preclude any party claiming that a private settlement agreement has been breached from seeking in State court any remedy available under State law.

(d) **State law remedies.**--The limitations on remedies in this section shall not apply to relief entered by a State court based solely upon claims arising under State law.

(e) **Procedure for motions affecting prospective relief.**--

(1) **Generally.**--The court shall promptly rule on any motion to modify or terminate prospective relief in a civil action with respect to prison conditions. Mandamus shall lie to remedy any failure to issue a prompt ruling on such a motion.

(2) **Automatic stay.**--Any motion to modify or terminate prospective relief made under subsection (b) shall operate as a stay during the period-- (A)(i) beginning on the 30th day after such motion is filed, in the case of a motion made under paragraph (1) or (2) of subsection (b); or (ii) beginning on the 180th day after such motion is filed, in the case of a motion made under any other law; and (B) ending on the date the court enters a final order ruling on the motion.

(3) **Postponement of automatic stay.**--The court may postpone the effective date of an automatic stay specified in subsection (e)(2)(A) for not more than 60 days for good cause. No postponement shall be permissible because of general congestion of the court's calendar.

(4) **Order blocking the automatic stay.**--Any order staying, suspending, delaying, or barring the operation of the automatic stay described in paragraph (2) (other than an order to postpone the effective date of the automatic stay under paragraph (3)) shall be treated as an order refusing to dissolve or modify an injunction and shall be appealable pursuant to section 1292(a)(1) of title 28, United States Code, regardless of how the order is styled or whether the order is termed a preliminary or a final ruling.

(f) **Special masters.**--

(1) **In general.**--(A) In any civil action in a Federal court with respect to prison conditions, the court may appoint a special master who shall be disinterested and objective and who will give due regard to the public safety, to conduct hearings on the record and prepare proposed findings of fact. (B) The court shall appoint a special master under this subsection during the remedial phase of the action only upon a finding that the remedial phase will be sufficiently complex to warrant the appointment.

(2) **Appointment.**--(A) If the court determines that the appointment of a special master is necessary, the court shall request that the defendant institution and the plaintiff each submit a list of not more than 5 persons to serve as a special master. (B) Each party shall have the opportunity to remove up to 3 persons from the opposing party's list. (C) The court shall select the master from the persons remaining on the list after the operation of subparagraph (B).

(3) **Interlocutory appeal.**--Any party shall have the right to an interlocutory appeal of the judge's selection of the special master under this subsection, on the ground of partiality.

(4) **Compensation.**--The compensation to be allowed to a special master under this section shall be based on an hourly rate not greater than the hourly rate established under section 3006A for payment of court-appointed counsel, plus costs reasonably incurred by the special master. Such compensation and costs shall be paid with funds appropriated to the Judiciary.

(5) **Regular review of appointment.**--In any civil action with respect to prison conditions in which a special master is appointed under this subsection, the court shall review the appointment of the special master every 6 months to determine whether the services of the special master continue to be required under paragraph (1). In no event shall the appointment of a special master extend beyond the termination of the relief.

(6) **Limitations on powers and duties.**--A special master appointed under this subsection-- (A) may be authorized by a court to conduct hearings and prepare proposed findings of fact, which shall be made on the record; (B) shall not make any findings or communications ex parte; (C) may be authorized by a court to assist in the development of remedial plans; and (D) may be removed at any time, but shall be relieved of the appointment upon the termination of relief.

(g) **Definitions.**--As used in this section-- (1) the term "consent decree" means any relief entered by the court that is based in whole or in part upon the consent or acquiescence of the parties but does not include private settlements; (2) the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison; (3) the term "prisoner" means any person subject to incarceration, detention, or admission to any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program; (4) the term "prisoner release order" includes any order, including a temporary restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to a prison; (5) the term "prison" means any Federal, State, or local facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law; (6) the term "private settlement agreement" means an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled; (7) the term "prospective relief" means all relief other than compensatory monetary damages; (8) the term "special master" means any person appointed by a Federal court pursuant to Rule 53 of the Federal Rules of Civil Procedure or pursuant to any inherent power of the court to exercise the powers of a master, regardless of the

system caused by the relief. (B) The court shall not order any prospective relief that requires or permits a government official to exceed his or her authority under State or local law or otherwise violates State or local law, unless--

(i) Federal law requires such relief to be ordered in violation of State or local law; (ii) the relief is necessary to correct the violation of a Federal right; and (iii) no other relief will correct the violation of the Federal right.

(C) Nothing in this section shall be construed to authorize the courts, in exercising their remedial powers, to order the construction of prisons or the raising of taxes, or to repeal or detract from otherwise applicable limitations on the remedial powers of the courts.

**(2) Preliminary injunctive relief.**--In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief. Preliminary injunctive relief shall automatically expire on the date that is 90 days after its entry, unless the court makes the findings required under subsection (a)(1) for the entry of prospective relief and makes the order final before the expiration of the 90-day period.

**(3) Prisoner release order.**--(A) In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless—

(i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and

(ii) the defendant has had a reasonable amount of time to comply with the previous court orders.

(B) In any civil action in Federal court with respect to prison conditions, a prisoner release order shall be entered only by a three-judge court in accordance with section 2284 of title 28, if the requirements of subparagraph (E) have been met. (C) A party seeking a prisoner release order in Federal court shall file with any request for such relief, a request for a three-judge court and materials sufficient to demonstrate that the requirements of subparagraph (A) have been met. (D) If the requirements under subparagraph (A) have been met, a Federal judge before whom a civil action with respect to prison conditions is pending who believes that a prison release order should be considered may sua sponte request the convening of a three-judge court to determine whether a prisoner release order should be entered. (E) The three-judge court shall enter a prisoner release order only if the court finds by clear and convincing evidence that--

(i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of the Federal right.

(F) Any State or local official including a legislator or unit of government whose jurisdiction or function includes the appropriation of funds for the construction, operation, or maintenance of prison facilities, or the prosecution or custody of persons who may be released from, or not admitted to, a prison as a result of a prisoner release order shall have standing to oppose the imposition or continuation in effect of such relief and to seek termination of such relief, and shall have the right to intervene in any proceeding relating to such relief.

**(b) Termination of relief.**--

**(1) Termination of prospective relief.**--(A) In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener--

(i) 2 years after the date the court granted or approved the prospective relief; (ii) 1 year after the date the court has entered an order denying termination of prospective relief under this paragraph; or (iii) in the case of an order issued on or before the date of enactment of the Prison Litigation Reform Act, 2 years after such date of enactment.

(B) Nothing in this section shall prevent the parties from agreeing to terminate or modify relief before the relief is terminated under subparagraph (A).

**(2) Immediate termination of prospective relief.**--In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

**(3) Limitation.**--Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

**(4) Termination or modification of relief.**--Nothing in this section shall prevent any party or intervener from seeking modification or termination before the relief is terminable under paragraph (1) or (2), to the extent that modification or termination would otherwise be legally permissible.

**(c) Settlements.**--

**(1) Consent decrees.**--In any civil action with respect to prison conditions, the court shall not enter or approve a consent decree unless it complies with the limitations on relief set forth in subsection (a).

**(2) Private settlement agreements.**--(A) Nothing in this section shall preclude parties from entering into a private settlement agreement that does not comply with the limitations on relief set forth in subsection (a), if the terms of that agreement are not subject to court enforcement

State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Section 2.
Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice-President of the United States, Representatives in Congress, the Executive and Judicial officers of a State, or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, being twenty-one years of age,* and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State.

Section 3.
No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

Section 4.
The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

Section 5.
The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article.
*Changed by section 1 of the 26th amendment.

**Amendment XV**
Passed by Congress February 26, 1869. Ratified February 3, 1870.

Section 1.
The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State

on account of race, color, or previous condition of servitude

Section 2.
The Congress shall have the power to enforce this article by appropriate legislation.

**Amendment XVI**
Passed by Congress July 2, 1909. Ratified February 3, 1913. *Note: Article I, section 9, of the Constitution was modified by amendment 16.*
The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

# APPENDIX F
## Excerpts from the PLRA

*See also Chapter Two, Section F for some descriptions of these provisions.*

## DEFINITIONS

**18 U.S.C. § 3626(h). Definitions. [...]**
(2) the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison;
(3) the term "prisoner" means any person subject to incarceration, detention, or admission to any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program; [...]
(5) the term "prison" means any Federal, State, or local facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law;

## PROSPECTIVE RELIEF

**18 U.S.C. § 3626. Appropriate remedies with respect to prison conditions**
**(a) Requirements for relief.**
**(1) Prospective relief.**— (A) Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice

of law; nor shall private property be taken for public use, without just compensation.

## Amendment VI
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

## Amendment VII
In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

## Amendment VIII
Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

## Amendment IX
The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

## Amendment X
The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

## Amendment XI
Passed by Congress March 4, 1794. Ratified February 7, 1795.
Note: Article III, section 2, of the Constitution was modified by amendment 11.

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

## Amendment XII
Passed by Congress December 9, 1803. Ratified June 15, 1804. Note: A portion of Article II, section 1 of the Constitution was superseded by the 12th amendment.

The Electors shall meet in their respective states and vote by ballot for President and Vice-President, one of whom, at least, shall not be an inhabitant of the same state with themselves; they shall name in their ballots the person voted for as President, and in distinct ballots the person voted for as Vice-President, and they shall make distinct lists of all persons voted for as President, and of all persons voted for as Vice-President, and of the number of

votes for each, which lists they shall sign and certify, and transmit sealed to the seat of the government of the United States, directed to the President of the Senate; -- the President of the Senate shall, in the presence of the Senate and House of Representatives, open all the certificates and the votes shall then be counted; -- The person having the greatest number of votes for President, shall be the President, if such number be a majority of the whole number of Electors appointed; and if no person have such majority, then from the persons having the highest numbers not exceeding three on the list of those voted for, as President, the House of Representatives shall choose immediately, by ballot, the President. But in choosing the President, the votes shall be taken by states, the representation from each state having one vote; a quorum for this purpose shall consist of a member or members from two-thirds of the states, and a majority of all the states shall be necessary to a choice. [And if the House of Representatives shall not choose a President whenever the right of choice shall devolve upon them, before the fourth day of March next following, then the Vice-President shall act as President, as in case of the death or other constitutional disability of the President. --]* The person having the greatest number of votes as Vice-President, shall be the Vice-President, if such number be a majority of the whole number of Electors appointed, and if no person have a majority, then from the two highest numbers on the list, the Senate shall choose the Vice-President; a quorum for the purpose shall consist of two-thirds of the whole number of Senators, and a majority of the whole number shall be necessary to a choice. But no person constitutionally ineligible to the office of President shall be eligible to that of Vice-President of the United States.
*Superseded by section 3 of the 20th amendment.

## Amendment XIII
Passed by Congress January 31, 1865. Ratified December 6, 1865.
Note: A portion of Article IV, section 2, of the Constitution was superseded by the 13th amendment.

Section 1.
Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

Section 2.
Congress shall have power to enforce this article by appropriate legislation.

## Amendment XIV
Passed by Congress June 13, 1866. Ratified July 9, 1868.
Note: Article I, section 2, of the Constitution was modified by section 2 of the 14th amendment.

Section 1.
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No